UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JASON THOMAS YOUNG, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> RELIANCE STANDARD LIFE § <br> INSURANCE COMPANY and § <br> MATRIX ABSENCE § <br> MANAGEMENT, INC., § <br> *Defendants* § | CIVIL NO. 1:20-CV-739-LY-SH |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Summary Judgment (Dkt. 30), filed January 28, 2022; Plaintiff's Response (Dkt. 34), filed March 12, 2022; and Defendants' Reply (Dkt. 37), filed April 1, 2022. On October 27, 2020, the District Court referred all pending and future non-dispositive and dispositive motions to the undersigned Magistrate Judge for resolution and Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   General Background**

In January 2019, Plaintiff Jason Thomas Young worked as a truck driver for Pilot Travel Centers, L.L.C., and participated in a long-term disability benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (the "Plan" or "Policy"). Reliance Standard Life Insurance Company ("Reliance") is the Plan's insurer; Matrix Absence Management, Inc. ("Matrix") is the administrator. The Plan provided that Plaintiff would receive a "Monthly Benefit" if Plaintiff became totally disabled. First Am. Compl. (Dkt. 7) ¶ 14.

1

The Plan also stated that "Other Income Benefits[1] are to be deducted from the Monthly Benefit." *Id.*

On January 2, 2019, Plaintiff sustained "permanent and disabling injuries" in a car collision. *Id.* ¶ 6. After the collision, Plaintiff submitted to Reliance a claim for long-term disability ("LTD") benefits under the Plan. Reliance agreed that Plaintiff was totally disabled and agreed to pay him a monthly benefit of $3,150.76. After Plaintiff received $153,774.14 from a settlement with the third party who caused the accident, however, Reliance notified Plaintiff on January 17, 2020, that it would offset his benefits by the settlement amount ("Settlement Offset") because it considered the settlement to be "Other Income Benefits" under the Plan. *Id.* ¶ 17. Accordingly, Reliance immediately reduced Plaintiff's monthly benefits by $2,562.90, to $587.86.

On March 17, 2020, Plaintiff appealed Reliance's decision, arguing that the settlement of a third-party tort liability suit and payment of underinsured motorist benefits were not included in Other Income Benefits under the Plan. On June 5, 2020, Reliance affirmed its original decision that it was entitled to the Settlement Offset.

On July 10, 2020, Plaintiff filed this lawsuit pursuant to 29 U.S.C. § 1132(a)(1)(B) against Defendants Reliance and Matrix, asserting that "there is no basis in the policy for any offset or reduction based on the third party settlement that Plaintiff made." Original Complaint (Dkt. 1) ¶ 26. Plaintiff sues "to recover benefits due to him, to enforce his rights to benefits under the terms

---

[1] Plaintiff alleges that under the Plan, "Other Income Benefits" includes:

> all benefits (except medical or death benefits) including any settlement made in place of such benefits (whether or not liability is admitted) an Insured is eligible to receive because of his/her Total Disability under:
> (a) Workers' Compensation Laws;
> (b) occupational disease law;
> (c) any other laws of like intent as (a) or (b) above; and
> (d) any compulsory benefit law.

Dkt. 7 ¶ 15.

of the Reliance policy, and to clarify his future rights to benefits under the terms of the Reliance policy." *Id.* ¶ 26. Plaintiff sought an injunction prohibiting Defendants from interpreting the "Other Income Benefits" language as including settlements of liability claims for personal injuries or underinsured motorist claims. *Id.* ¶ 34. Plaintiff also sought attorney's fees, pre-judgment and post-judgment interest, and "further relief as the court deems equitable, just and proper." *Id.* ¶ 39.

Eighteen days after Plaintiff filed suit, on July 28, 2020, Reliance sent Plaintiff an email notifying him that:

> Upon review and discussion, at this time we will be terminating the offset in the amount of $2[,]562.90 (monthly), and will refund Mr. Young the monies that have been offset to date. It appears this offset began as of January, 2020. Mr. Young can expect his benefits to resume to the pre-offset amount in the next benefit payment.
>
> However, under the policy, any monies paid under a compulsory benefit law, such as PIP coverage (i.e. wage loss), are to be offset. Therefore, it is imperative that we receive a "distribution breakdown" of this settlement to determine if any portion is considered Other Income Benefits as defined by the policy.

Dkt. 30-1 at 218. Reliance asked Plaintiff to dismiss the lawsuit, but Plaintiff refused.

On September 24, 2020, Defendants filed a motion to dismiss, asserting lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). Dkt. 2. On October 26, 2020, Plaintiff filed an Amended Complaint, in which he again contends that "[t]here is no basis in the policy for any offset or reduction based on the settlement with Plaintiff's underinsured motorist coverage." Dkt. 7 ¶ 32. Plaintiff also added a new claim, alleging that there was no basis in the Policy for offset based on any payment of PIP benefits he had received. *Id.* ¶ 33. Plaintiff further alleges that "[t]here has been no formal or informal acknowledgment that the interpretation formerly relied upon by Matrix and Reliance was incorrect, nor any decision that they will not rely upon it again, with regard to the payments or settlements Mr. Young has already

received **or that he may receive in the future**." *Id.* ¶ 27. In his Amended Complaint, Plaintiff seeks the disability benefits due under the Policy; a declaration that Defendants violated the Policy; an injunction prohibiting Defendants from interpreting the "Other Income Benefits" language as including settlements of liability claims for bodily injuries, underinsured motorist claims for bodily injuries, or PIP benefits paid for medical expenses; and pre-judgment interest, attorneys' fees, and costs. *Id.* ¶¶ 37-46.

In light of the Amended Complaint, the undersigned Magistrate Judge dismissed as moot Defendants' first motion to dismiss on November 18, 2020. On November 3, 2020, Defendants filed a second motion to dismiss, again arguing that Plaintiff's lawsuit should be dismissed under Rule 12(b)(1) for lack of jurisdiction because there was no longer a live case or controversy. Dkt. 11. Specifically, Defendants argued that Plaintiff lacked standing to pursue this litigation because Reliance reinstated his benefits. Alternatively, Defendants argued that Matrix is not a proper ERISA defendant, and that Plaintiff's newly asserted claim regarding PIP benefits should be dismissed for failure to exhaust under Rule 12(b)(6).

On February 2, 2021, the Court issued a Report and Recommendation that the District Court deny Defendants' motion to dismiss except as to Plaintiff's claim regarding an offset for PIP benefits. Dkt. 21 at 15. The Court found that

> Defendants' argument that Plaintiff lacks standing because Reliance terminated the Settlement Offset after he filed suit relies on the wrong jurisdictional doctrine: this argument concerns mootness, not standing. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (noting that parties had standing to bring claims and crossclaims when suit was filed, but events that occurred afterward called into question issue of mootness). Clearly, Plaintiff had standing at the time he filed this suit because he alleged an injury in fact – that Reliance wrongly offset his disability benefits, in violation of the Plan.

*Id.* at 9-10 (footnotes omitted). The Court also determined that the case was not moot because "Defendants have not sustained their heavy burden to show that 'it is absolutely clear' that

4

Reliance will not reinstate the Settlement Offset." *Id.* at 10 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). The Court noted that, while Reliance notified Plaintiff in the July 2020 email that it agreed "'at this time' to terminate the Settlement Offset, Reliance made no indication that its decision was final, unconditional, and irrevocable." *Id.* at 10-11. On March 31, 2021, the District Court adopted the Report and Recommendation in full, denied the motion to dismiss for lack of jurisdiction, and granted the motion to dismiss Plaintiff's PIP claim. Dkt. 23.

Defendants now seek summary judgment under Rule 56, once again arguing that all of Plaintiff's claims should be dismissed for lack of standing, or, alternatively for mootness. Plaintiff opposes the Motion.

## II. Legal Standards

### A. Rule 56

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B. Article III Jurisdiction**

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing "Cases" or "Controversies." U.S. CONST. art. III, § 2.

> Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

To satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking federal jurisdiction bears the burden to show standing. *Id.* at 561.

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). A case becomes moot— and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Id.*

### III. Analysis

Defendants argue that they are entitled to summary judgment under Rule 56 "as to all of Plaintiff's claims and causes of action in this matter" because Reliance reinstated Plaintiff's benefits after he filed this lawsuit. Therefore, Defendants contend, Plaintiff lacks standing. Dkt. 30 at 6. In the alternative, Defendants argue that the case is moot.

**A. Plaintiff Has Standing To Litigate This Case**

Defendants argue that "Plaintiff lacked standing when he amended his Complaint" on October 26, 2020 because "by then, Reliance Standard had already reversed the offset decision." *Id* at 6. Defendants once again misconstrue the standing doctrine.

Whether a plaintiff has standing is determined at the time the lawsuit is filed. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."); *Lujan*, 504 U.S. at 570 n.5 ("[S]tanding is to be determined as of the commencement of suit"); *Texas v. Equal Emp. Opportunity Comm'n*, 933 F.3d 433, 449 (5th Cir. 2019) (stating that "standing is assessed as of the date on which suit was filed"). "As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint, and subsequent events do not deprive the court of jurisdiction." *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991).

As the Court stated in its previous Report and Recommendation: "Clearly, Plaintiff had standing at the time he filed this suit because he alleged an injury in fact – that Reliance wrongly offset his disability benefits, in violation of the Plan." Dkt. 21 at 10; *cf. Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1619 (2020) ("If [plaintiffs] had not received their vested pension benefits, they would of course have Article III standing to sue and a cause of action under ERISA § 502(a)(1)(B) to recover the benefits due to them."). Accordingly, Defendants' standing argument lacks merit.

**B. Some of Plaintiff's Claims Are Moot**

While standing is determined at the time suit is filed, mootness is determined by events that occur during the litigation. *Pool v. City of Houston*, 978 F.3d 307, 313 (5th Cir. 2020); *see also Laidlaw*, 528 U.S. at 191 (noting that, "by the time mootness is an issue, the case has been brought and litigated"). If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit" at any point during litigation, the action can no longer proceed and must be dismissed as moot. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the

prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Emp. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (cleaned up).

In his Amended Complaint, Plaintiff seeks the following relief:

> Find that Defendants violated the terms of the Policy and Plaintiff's rights thereunder by reducing, and claiming an offset to, the benefits owed to Plaintiff as a result of his receipt of the settlements at issue in this matter, i.e., for the liability claim for bodily injuries, the payment of underinsured motorist benefits, or the payment of PIP benefits for medical bills;

> Find that the language of the "Other Income Benefits" section of the Policy does not reach or include: settlements of liability claims for bodily injuries; payment of claims for underinsured motorist benefits for bodily injuries; payment of claims for PIP benefits; and payment of claims under automobile insurance coverages that the claimant personally purchased;

> Enter an injunction prohibiting Matrix and Reliance from interpreting the "Other Income Benefits" language cited as including settlements of liability claims for bodily injuries, underinsured motorist claims for bodily injuries, PIP benefits paid for medical expenses, or any benefits flowing from insurance policies that the claimant personally purchased;

> Order Reliance to pay Plaintiff's future weekly disability benefits pursuant to the terms of the Policy without offsets for any past or future settlements of bodily injury claims, any past or future payment of underinsured motorist benefits for bodily injury claims, or any past or future payment of PIP claims;

> Award Plaintiff pre-judgment interest on the amount of his delayed benefits;

> Award Plaintiff reasonable attorneys' fees and costs incurred; and

> Provide such other and further relief as the Court deems equitable, just and proper.

Dkt. 7 ¶¶ 37-46.

Defendants argue that all of these claims for relief are moot because Reliance has terminated the Settlement Offset and returned all benefits withheld to Plaintiff. A defendant, however, "cannot automatically moot a case simply by ending its unlawful conduct once sued. Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already*,

9

568 U.S. at 91. Given this concern, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*

The Court examines each of Plaintiff's claims to determine whether any of these claims are moot in light of Reliance's reinstatement of Plaintiff's disability benefits.[2]

### 1. Claims Related to Plaintiff's LTD Benefits

In support of their argument that Plaintiff's claims for relief related to the LTD benefits are moot, Defendants rely on: (1) the email Reliance sent to Plaintiff on July 28, 2020 notifying him that it would terminate the Settlement Offset, Dkt. 30-1 at 218; and (2) a declaration from a Reliance director stating that the Settlement Offset would not be reinstated.

Because Reliance's email "did not state unequivocally that Reliance's decision to reinstate the Settlement Offset was final, that it would not reinstate the offset in the future, or that its interpretation of the Plan was wrong," the Court previously found that the email standing alone did not meet Defendants' burden to show that "it is absolutely clear" that Reliance would not reinstate the Settlement Offset. Dkt. 21 at 10-11. The Court also noted that "Defendants have not stated in their pleadings that Reliance's interpretation of the Settlement Offset was wrong or that it would not reinstate the Settlement Offset in the future." *Id.* at 11.

#### a. Plaintiff's Objections to the Lorenzo Declaration

In his declaration, Reliance director Dominic A. Lorenzo states that: "Reliance Standard did not then intend to and will not in the future claim that the tort settlement is subject to offset, nor will it offset any future benefit payable under the plan with the tort settlement proceeds." Lorenzo Decl. (Dkt. 30-2) ¶ 10. Plaintiff argues that the Lorenzo Declaration is inadmissible because it is

---

[2] Because the District Court dismissed Plaintiff's claims related to PIP benefits, this Report and Recommendation does not address whether those claims are moot.

10

not a sworn affidavit; is self-serving and suspiciously timed; contradicts Defendants' previous statements; calls for discovery; fails to show that it has the authority to bind Matrix; and was not part of the administrative record.

Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." As the Advisory Committee Notes state: "A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit." FED. R. CIV. P. 56(c)(4) advisory committee's note to 2010 amendment.

Moreover, that a declaration is self-serving does not render it inadmissible. "A party's own testimony is often 'self-serving,' but we do not exclude it as incompetent for that reason alone." *C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011). Instead, an affidavit or declaration "based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving." *Id.* Nor does the fact that the declaration was created in support of this summary judgment motion does not make it inadmissible. In addition, the declaration was not part of the administrative record because Reliance did not reverse its benefits decision until after the administrative appeal concluded.

In his declaration, Lorenzo states that he is employed as Director – SIU & Reporting for Reliance; he is familiar with Plaintiff's claim; Reliance, not Matrix, is responsible for paying any benefits under the Policy; Reliance reinstated Plaintiff's benefits and reimbursed Plaintiff $18,263.21; Reliance will not in the future claim that the tort settlement is subject to offset, nor will it offset any future benefit payable under the Policy; and the declaration is made under penalty

of perjury. Dkt. 30-2. Plaintiff disputes none of these statements. Accordingly, the declaration meets all requirements of Rule 56(c)(4), and the Court overrules Plaintiff's objections.

### b. The Declaration Meets Defendants' Burden

The Court finds that Lorenzo's Declaration is sufficient to meet Defendants' burden to show that it "could not reasonably be expected" to reinstate the Settlement Offset to Plaintiff's LTD benefits. *Cf. Admiral Ins. Co. v. K&K Roofing & Constr. LLC*, No. 1:20-CV-399-LY, 2021 WL 2019201, at *3-4 (W.D. Tex. May 20, 2021) (finding that letter to insurer that insured was withdrawing claim and would not resubmit a claim for defense and indemnity was sufficient to show that he was no longer seeking coverage under the policy), *R. & R. adopted*, 2021 WL 4047401 (W.D. Tex. June 21, 2021).

Because Reliance has agreed to reinstate the Settlement Offset and not apply that offset to Plaintiff's future LTD benefits, Plaintiff's claims for LTD benefits and related claims for declaratory relief are moot. In an ERISA case, "a defendant's reinstatement of a plaintiff's benefits renders moot a complaint seeking such benefits." *Stout v. Pathfinder Energy Servs., LLC*, No. 14-02457, 2015 WL 3413328, at *3 (W.D. La. May 26, 2015) (dismissing beneficiary's claim for LTD benefits as moot when his benefits were fully and completely reinstated); *see also Lemons v. Reliance Standard Life Ins. Co.*, 534 F. App'x 162, 164 (3rd Cir. 2013) (holding that claim ERISA plan administrator arbitrarily terminated LTD benefits of plan participant was resolved when participant's benefits were reinstated with interest while case was pending); *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) (holding that plaintiff's benefit claim became moot when plan paid it in full); *Silk v. Metro. Life Ins. Co.*, 310 F. App'x 138, 139 (9th Cir. 2009) ("We agree with the district court that MetLife's payment of 'own occupation' LTD benefits to Silk moots his claim to such benefits."); *Tannenbaum v. Unum Life Ins. Co. of Am.*, Civ. No. 03-1410,

2010 WL 2649875, at *7 (E.D. Pa. June 30, 2010) (dismissing as moot plaintiff's § 1132(a)(1)(B) claim because defendant paid, and continued to pay, benefits due to plaintiff under the plan); *Weiss v. First Unum Life Ins. Co.*, 2009 WL 1559798, at *1 (D.N.J. June 2, 2009) (acknowledging that reinstatement and continued payment of plaintiff's LTD benefits mooted plaintiff's claim that defendant wrongfully denied plaintiffs benefits in violation of ERISA).

The Court also finds that Plaintiff's claim for declaratory relief regarding any "future settlements" of bodily injury claims does not present a live case or controversy. While a beneficiary may bring a claim "to clarify his rights to future benefits under the terms of the plan" under 29 U.S.C. § 1132(a)(1)(B), Reliance has agreed to not reinstate the Settlement Offset of Plaintiff's benefits. That is the only settlement offset Plaintiff has administratively appealed, and there is no indication that Plaintiff was involved in another third-party settlement that Reliance plans to offset. Moreover, any such claim would not accrue "until the plan issues a final denial" on that claim. *Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 571 U.S. 99, 105 (2013). Without an adverse benefits determination on the merits, "there is no ripe claim before [the court]," and the Court cannot "adjudicate [Plaintiff's] disability status in the future." *Peer*, 758 F. App'x at 884; *see also Allen v. Hartford Life & Accident Ins. Co.*, No. 2:18-CV-01134-AKK, 2019 WL 1921950, at *6 (N.D. Ala. Apr. 30, 2019) (holding that plaintiff's request for determination of future eligibility of disability benefits was not ripe); *Stout*, 2015 WL 3413328, at *4 ("To the extent [plaintiff] is claiming the Court should award him future benefits which have not yet accrued, the Court will deny [his] claim.").

Accordingly, the Court finds that Plaintiff's claims for benefits and future benefits and related claims for declaratory and injunctive relief are moot. The Court lacks jurisdiction to issue an opinion on a matter that is no longer a live case or controversy between the parties. *St. Pierre v.*

*United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it.").

### 2. Pre-Judgment Interest

Plaintiff also asks the Court to award him "pre-judgment interest on the amount of his delayed benefits." Dkt. 7 ¶ 44. Plaintiff alleges that Defendants wrongfully applied the Settlement Offset and denied him interest on "the loss of use of more than $18,000 for nearly six months." Dkt. 34 at 12. Plaintiff also seeks "further relief as the Court deems equitable, just and proper." Dkt. 7 ¶ 46.

Defendants argue that Plaintiff's claim for pre-interest judgment is moot because Reliance terminated the Settlement Offset and repaid Plaintiff those benefits. But Defendants have not repaid Plaintiff the interest on those benefits. A district court "may award prejudgment interest as 'other appropriate equitable relief' under § 1132(a)(3)(B) when benefits are wrongfully delayed." *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1006 (8th Cir. 2004); *see also Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223, 228-29 (2d Cir. 2002) (holding that beneficiary may recover interest on late payments of benefits as equitable relief under ERISA); *Clair v. Harris Tr. & Savs. Bank*, 190 F.3d 495, 498-99 (7th Cir. 1999) (same); *Fotta v. Trs. of United Mine Workers of Am.*, 165 F.3d 209, 212 (3d Cir. 1998) (same).

Defendants further argue that Plaintiff is not entitled to pre-judgment interest on his delayed ERISA benefits because "[t]here is no judgment on which the Court could award pre-*judgment* interest." Dkt. 30 at 10. Defendants fail to cite to any case law to support their argument, which numerous courts have rejected. For example, in *Parke*, Reliance argued, as it does here, that its voluntary reinstatement of benefits to the plaintiff meant that "there was no underlying judgment upon which the district court could make an award of 'prejudgment' interest." 368 F.3d at 1006. The Eighth Circuit Court of Appeals rejected Reliance's argument, reasoning:

> We are not persuaded by First Reliance's formalistic attempt to create a distinction between instances where an ERISA-governed plan provider begins paying wrongfully denied benefits after a judgment is obtained and those instances where the provider begins paying wrongfully denied benefits without a judgment. If interest is an appropriate remedy under § 1132(a)(3)(B) to avoid unjust enrichment of a plan provider who wrongfully delays the payment of benefits, the award is appropriate whether a judgment is obtained or not. "The principles justifying prejudgment interest also justify an award of interest where benefits are delayed but paid without the beneficiary's having obtained a judgment."

*Id.* at 1007 (quoting *Fotta*, 165 F.3d at 212). The *Fotta* court explained that its concerns with

> making the claimant whole and preventing unjust enrichment [ ] are not diminished merely because the plan has paid the overdue benefits without the claimant having resorted to litigation to secure payment. A late payment of benefits effectively deprives the beneficiary of the time value of his or her money whether or not the beneficiary secured the overdue benefits through a judgment as the result of ERISA litigation.

*Fotta*, 165 F.3d at 212.

"As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin*, 568 U.S. at 172. The Court finds that Plaintiff's claim for interest is not moot. Plaintiff is entitled to interest on the $2,562.90 monthly Settlement Offset that Reliance deducted from his monthly benefits from January 2020 through July 2020 as equitable relief under § 1132(a)(3)(B). Dkt. 30-1 at 218.

### 3. Attorneys' Fees

Finally, Plaintiff seeks an award of reasonable attorneys' fees and costs. Under ERISA, the district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court has interpreted this language to mean that "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). Instead, a

15

claimant must show "some degree of success on the merits" before a court may award attorneys' fees under § 1132(g)(1). *Id.* at 255.

> A claimant does not satisfy that requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquir[y] into the question whether a particular party's success was "substantial" or occurred on a central issue.

*Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983)).[3]

Defendants argue that because Reliance voluntarily reinstated Plaintiff's LTD benefits and was not ordered to do so by the Court, there was never a decision "on the merits" and Plaintiff is not entitled to attorneys' fees. Dkt. 30 at 11. To the contrary, numerous courts have found that a claim for attorneys' fees under ERISA is not rendered moot simply because the defendants agreed to reinstate benefits after the plaintiff filed suit. *See, e.g.*, *Boyle v. Int'l Bhd. of Teamsters Loc. 863 Welfare Fund*, 579 F. App'x 72, 78 (3d Cir. 2014) (holding that plaintiffs achieved "some success on the merits" under *Hardt* because defendants voluntarily reinstated benefits and reimbursed them only after plaintiff filed suit); *Danko v. Nat'l R.R. Passenger Corp.*, 234 F. Supp. 3d 655, 659 (E.D. Pa. 2017) (holding that ERISA plan participant's claim for attorneys' fees was not rendered moot by employer's release of its subrogation claim where employer did not formally renounce its claim until complaint was filed); *Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530, 541 (S.D.N.Y. 2011) (finding that plaintiff succeeded on merits where insurer stipulated to payment of disability benefits after suit was filed because plaintiff secured the relief sought in her complaint).

---

[3] Defendants rely on the five-factor test from *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). Dkt. 30 at 11. The Court need not consider these factors: "[T]he Supreme Court has clarified that we do not need to consider the *Bowen* factors." *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013) (quoting *Hardt*, 560 U.S. at 254-55 ("Because these five factors bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section.")).

As the Supreme Court has observed, the fact that a plaintiff "prevailed through a settlement rather than through litigation does not weaken her claim to fees." *Maher v. Gagne*, 448 U.S. 122, 129 (1980).

Plaintiff filed this suit "to recover benefits due to him, to enforce his rights to benefits under the terms of the policy, and to clarify his future rights to benefits under the terms of the Reliance policy." Dkt. 1 ¶ 26. Plaintiff's central claim is that "[t]here is no basis in the policy for any offset or reduction based on the third party settlement that Plaintiff made, either because the policy language does not include settlements of third liability claims within 'Other Income Benefits,' or because the entire settlement was excluded from consideration of an offset by the fact that the medical expenses were more than the monies received." *Id.*

After Plaintiff filed this suit, Defendants terminated the Settlement Offset and reimbursed Plaintiff for his benefits. Dkts. 30-1 at 218, 30-2 at 1-2. These facts show that Plaintiff has achieved more than "trivial success on the merits" or a "purely procedural victory." Accordingly, Plaintiff has achieved "some degree success on the merits," and the Court finds that he should be awarded attorneys' fees in this case in an amount to be determined following his filing of an appropriate motion.

## IV. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgment (Dkt. 30) be **GRANTED IN PART and DENIED IN PART**. The Court recommends that the District Court **GRANT** the Motion as to Plaintiff's claims related to disability benefits and future disability benefits for lack of jurisdiction under Rule 12(b)(1) and **DENY** the Motion as to Plaintiff's claims for interest and attorneys' fees and costs.

If the District Court adopts these recommendations, Plaintiff's only remaining claims will be for interest, attorneys' fees, and costs.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 13, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE